UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES NOSAL, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>RICH PRODUCTS CORPORATION,<br><br>        Defendant. | Case No. _____<br><br>REMOVED FROM THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS, CHANCERY DIVISION<br><br>Cook County Case No. 2018-CH-07627 |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Rich Products Corporation ("Rich Products") hereby removes to the United States District Court for the Northern District of Illinois, Eastern Division, the civil action pending against it in the Circuit Court of Cook County, Illinois, Chancery Division. In support of removal, Rich Products states as follows:

    1.    On July 24, 2020, Plaintiff James Nosal ("Nosal") was granted leave to substitute in as the new plaintiff—thereby replacing the original plaintiff[1]—in an action pending against Rich Products in the Circuit Court of Cook County, Illinois. The operative complaint is now styled as *James Nosal, individually and on behalf of all others similarly situated v. Rich Products Corporation*, Case No. 2018-CH-07627. (*See* Second Am. Compl., as Exhibit A.) The Complaint asserts three separate counts—and an unspecified number of "violations" (*see, e.g., id.* at ¶¶38, 47)—for relief under the Illinois Biometric Information Privacy Act ("BIPA"), 740

---

[1] The original plaintiff, Joseph Tellado, passed away last November, during the pendency of Rich Products' motion to dismiss his first amended complaint. Prior to the grant of leave to file a second amended complaint, Nosal was a stranger to this lawsuit and by virtue of his substitution as named plaintiff he has in effect swapped out his claims for Tellado's, over Rich Products' objection.

ILCS § 14/1, *et seq.*, including, among other things, liquidated damages of $1,000 to $5,000 per violation of each of Rich Products' negligent and/or reckless violations of BIPA. (Ex. A at ¶¶71, 81, 90.) Rich Products was electronically served with the Nosal's Complaint on July 27, 2020[2] (*see* Electronic Docket Entry, attached as Exhibit B) and hereby removes the case on the basis of diversity-of-citizenship jurisdiction, 28 U.S.C. § 1332(a)(1), and the jurisdictional grant found in the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

I.  **Removal Is Proper Under Both The General Diversity-Of-Citizenship Statute And The Class Action Fairness Act.**

2. Removal is proper under 28 U.S.C. § 1441 on two independent bases. *See* 28 U.S.C. § 1441(a), (b). First, this Court has original diversity-of-citizenship jurisdiction over this case under 28 U.S.C. § 1332(a)(1), which provides that a "District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different states * * *." *See* 28 U.S.C. § 1332(a)(1). Second, this Court also has original jurisdiction under CAFA, which grants original jurisdiction over "any civil action" [1] in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" and [2] is a "class action" in which, among other things, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2); *see Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 621 (7th Cir. 2012) (noting that the "language and structure of CAFA . . . indicate[ ] that Congress contemplated broad federal court jurisdiction with only narrow exceptions") (internal quotation omitted). Rich Products will discuss each independent basis for jurisdiction, in turn.

---

[2] The Second Amended Complaint was filed on Friday, July 24, 2020 pursuant to leave of court that was granted that same day (*see* Order attached as Exhibit C), but Rich Products was not electronically served with that Complaint until Monday, July 27, 2020. (*See* Ex. B.)

**A.     Jurisdiction Exists Under 28 U.S.C. § 1332(a)(1) Because The Parties Are Completely Diverse And Because The Amount-In-Controversy Is Met.**

3.     Complete diversity exists between the parties. *See Pain Ctr. of SE Indiana LLC v. Origin Healthcare Sols. LLC*, 893 F.3d 454, 458 (7th Cir. 2018) (diversity of citizenship jurisdiction "requires complete diversity between the parties"). Nosal is a citizen of the State of Illinois (Ex. A at ¶12), and Rich Products is not a "citizen" of Illinois.

4.     As a corporation, Rich Products is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). Accordingly, Rich Products is deemed to a citizen of New York—because that is the state where it has its principal place of business (specifically, in Buffalo, New York)—and a citizen of Delaware—because that is the state "by which it has been incorporated."[3] (*See also* Ex. A at ¶13.) The parties thus are completely diverse and, because Rich Products is not a citizen of the state in which the action was brought, *see* 28 U.S.C. § 1441(b)(2), the "citizenship" component of the removal analysis is satisfied.

5.     The amount-in-controversy requirement is satisfied, as well. While the complaint does not affirmatively specify a damages figure, and while Rich Products denies any liability whatsoever as to Nosal's claims, the amount-in-controversy requirement is satisfied because, according to the Complaint, it appears that Nosal may be seeking damages in excess of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1446(c)(2); *see also Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the

---

[3] The appropriate test to determine a corporation's principal place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Under the "nerve center" test, a corporation's principal place of business is the place where its "officers direct, control and coordinate the corporation's activities." *Id*. at 92. A corporation typically directs, controls and coordinates its activities from its headquarters. *Id*. Under the "nerve center" test, the principal place of business is in the state of New York.

jurisdictional threshold"). Indeed, the Complaint alleges that Nosal worked for Rich Products for roughly five years (Ex. A at ¶40) and that he "was required to scan his fingerprint each time he began and ended his workday" (*id.* at ¶43).

6. Thus, given that the Complaint is seeking "$1,000 to $5,000 in statutory damages" for *each* violation of BIPA (Ex. A at ¶¶19, 71, 81, 90), it is plausible that Nosal seeks to recover $1,000 to $5,000 in damages for each time he clocked in and out from work over approximately five years of employment. *See Dart Cherokee,* 574 U.S. at 89. Rich Products does *not* agree that Nosal is entitled to that measure of damages under BIPA,[4] but, for removal purposes, the question is not "what damages the plaintiff will recover, but only how much is *in controversy* between the parties." *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (emphasis in original; internal citation and quotation omitted). Accordingly, this case is thus removable under 28 U.S.C. § 1441 on diversity-of-citizenship grounds. *See* 28 U.S.C. § 1441(a), (b)(2). Indeed, other courts in this District have recognized that far shorter employment terms coupled with a "per scan" theory of damages, readily satisfies the amount-in-controversy requirement. *See, e.g., Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769–70 (N.D. Ill. 2019); *Fernandez v. Kerry, Inc.*, No. 17 C 8971, 2020 WL 1820521, *4 (N.D. Ill. Apr. 10, 2020).

7. Moreover, Nosal also is seeking injunctive relief and attorneys' fees (Ex. A at ¶¶71, 81, 90), which also factor into evaluating the amount in controversy for jurisdictional purposes. *See Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("[i]n

---

[4] Rich Products denies that Nosal has alleged an actionable violation of BIPA each and every time he clocked in and out because, among other things, such a result would conflict with a plain language of the statute and would raise serious constitutional and policy concerns. Nonetheless, for purposes of removal, Nosal's allegations and requested relief, and the plausible inferences drawn therefrom, must be accepted as true for purposes of determining the amount in controversy. *See generally CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000).

65393838v.1

actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"); *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly included in amount-in-controversy analysis); *see also Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 957 (7th Cir. 1998) (similar); *cf. Oshana v. Coca-Cola Co.*, 472 F.3d at 512 (similar).  Therefore, Nosal's additional requested relief further sustains that more than $75,000 is at issue.

      **B.**    **This Matter Also Meets All The Requirements Of 28 U.S.C. § 1332(d)(2) For Jurisdiction Under CAFA,**

8. CAFA provides an independent basis for this Court's jurisdiction.  This matter is a "class action" under CAFA because a "class action" for purposes of CAFA is defined as "any civil action filed in a district court of the United States under Rule 23 of the Federal Rules of Civil Procedure or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).  The Complaint purports to allege claims on behalf of a class of "[a]ll individuals working for Rich Products in the State of Illinois who had their fingerprints collected, captured, received, obtained, maintained, stored, disclosed or disseminated by Defendant during the applicable statutory period." (Ex. A at ¶53.)  Therefore, this action is properly considered a "class action" under CAFA.

9. The requirement of minimal diversity is also satisfied.  Again, Nosal is a citizen of Illinois (Ex. A at ¶12) and Rich Products is deemed to be a citizen of New York and a citizen of Delaware.  *See* 28 U.S.C. § 1332(c)(a).  As a result, the parties are of diverse citizenship for purposes of 28 U.S.C. § 1332(d)(2)(A).

65393838v.1

10. Further, the "matter in controversy" aggregated across all the purported class members' claims satisfies CAFA. Under CAFA, "the matter in controversy" must "exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy in class actions, CAFA expressly requires that "the claims of the individual members shall be aggregated . . ." 28 U.S.C. § 1332(d)(6).

11. For this amount in controversy to be satisfied, there need only be "a reasonable probability that the stakes exceed" $5,000,000. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). In this regard, the Seventh Circuit has acknowledged "the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). Accordingly, "the party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Id*. (citing *Brill*, 427 F.3d at 448 (7th Cir. 2005)). This burden thus "is a pleading requirement, not a demand for proof." *Id*. (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

12. Rich Products denies the validity and merit of the entirety of Nosal's alleged claims, the legal theories upon which they are based, and the alleged claims for monetary and other relief that allegedly flow therefrom. But for purposes of setting forth grounds for this Court's jurisdiction—and without conceding that Nosal or the putative class are entitled to damages or penalties or any relief whatsoever—it is apparent that, although the complaint does not affirmatively specify a damages figure, the aggregated claims of the putative class exceeds CAFA's jurisdictional minimum.

13. As noted above, given that the Complaint is seeking "$1,000 to $5,000 in statutory damages" for *each* violation of BIPA (Ex. A at ¶¶19, 71, 81, 90), and since Nosal has alleged that Rich Products violated BIPA for several years, applying the damages theory set forth above to the persons who fall within the class definition would well exceed the jurisdictional minimum, given that the class definition encompasses more than 1000 persons.

14. Even under a more conservative damages theory, the CAFA threshold is reached. Nosal alleges that he is seeking $1,000 to $5,000 for each BIPA violation identified (Ex. A at ¶ 45). Given that Nosal alleges that Rich Products committed an unspecified number of violations of BIPA with respect to each putative class member (Ex. A at ¶50), it is plausible that Nosal is seeking to recover $25,000 or more—for violations of Sections 15(a), 15(b)(1), 15(b)(2), 15(b)(3), and 15(d)—for each individual class member, which in turn would yield damages in the aggregate that well exceed the jurisdictional minimum. Rich Products denies that Nosal and the purported class could recover any damages, much less any damages for "willful" violations of BIPA, but for purposes of determining whether subject matter jurisdiction exists under CAFA, the amount in controversy is satisfied.

**II.     Rich Products Has Satisfied the Procedural Requirements for Removal.**

15. Given that the Complaint does not affirmatively and unambiguously allege the total amount of damages being sought or which would be accepted, and given that Rich Products has received no other pleading or other paper that affirmatively and unambiguously discloses the amount of monetary damages sought, and given that Nosal was a complete stranger to this litigation until he swapped out Tellado's claims for his own, this Notice of Removal is timely because the "30-day removal clock" has not even been triggered. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (2103) ("The 30-day removal clock [under CAFA] does not begin to run

7

until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present. With respect to the amount of controversy in particular, the pleading or other paper must specifically disclose the amount of monetary damages sought."). That said, Rich Products nonetheless filed this notice of removal within thirty (30) days of service of Nosal substituting in as the new plaintiff.

16. Because this action is brought in the Circuit Court of Cook County, Illinois, venue for purposes of removal is proper in this Court under 28 U.S.C. § 93(a)(1): this District and this Division embraces Cook County, Illinois, the place where the removed action has been pending. *See* 28 U.S.C. § 93(a)(1); 28 U.S.C. § 1441(a).

17. In accordance with 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon Rich Products have been attached as Exhibits A, B, C, and D.

18. In accordance with 28 U.S.C. § 1446(d), Rich Products will promptly provide written notice to Nosal and will promptly file a copy of this Notice of Removal with the Clerk of the Court for the Circuit Court of Cook County, Illinois.

\* \* \*

For the foregoing reasons, Defendant Rich Products files this Notice of Removal, removing this case from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division and further requests that this Court accept this Notice of Removal and assume jurisdiction over this matter for all further proceedings.

DATED: August 24, 2020    Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Joseph A. Donado*

Richard P. McArdle (rmcardle@seyfarth.com)
Joseph A. Donado (jdonado@seyfarth.com)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

***Attorneys for Defendant Rich Products Corporation***

65393838v.1

## **CERTIFICATE OF SERVICE**

I, Joseph A. Donado, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **NOTICE OF REMOVAL**, to be served upon the following by email and/or the Court's electronic notification system on this 24th day of August 2020:

>Andrew C. Ficzko (aficzko@stephanzouras.com)
>STEPHAN ZOURAS, LLP
>100 N. Riverside Plaza
>Suite 2150
>Chicago, Illinois 60606

>*/s/ Joseph A. Donado*