## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JAMES NOSAL, individually, and on behalf of all others similarly situated,

        Plaintiffs

    v.

RICH PRODUCTS CORPORATION,

        Defendant.

Case No. 1:20-cv-04972

Hon. John F. Kness

---

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

---

DATED:  October 5, 2020

Respectfully submitted,

By: /s/ Joseph A. Donado

Richard P. McArdle (rmcardle@seyfarth.com)
Joseph A. Donado (jdonado@seyfarth.com)
SEYFARTH SHAW LLP
233 South Wacker Drive; Suite 8000
Chicago, Illinois 60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

***Attorneys for Defendant Rich Products Corporation***

66089629v.2

# TABLE OF CONTENTS

BACKGROUND ...................................................................................................................2

LEGAL STANDARD ...........................................................................................................3

    I.    Dismissal Under Rule 12(b)(6) For Failure To State A Plausible Claim For Relief. ...........3

    II.    Dismissal Based On The Statute Of Limitations And Workers' Compensation Exclusivity (Sections I and II) ...................................................................................4

ARGUMENT .........................................................................................................................4

    I.    The One-Year Statute Of Limitations For Privacy Claims Applies To Causes Of Action Under BIPA. ......................................................................................................4

        A.    Given The Allegations Of The Complaint And The Overarching Goal Of BIPA, A One-Year Statute of Limitations Applies To Nosal's Claims. ...........5

        B.    In The Alternative, The Two-Year Statute Of Limitations For Personal Injuries Should Apply To BIPA Claims. ...................................................8

    II.    The Illinois Workers' Compensation Act Provides The Exclusive Remedy For Employees Who Seek Statutory Damages Allegedly Caused By Workplace Injuries. .........................................................................................................................9

        A.    Nosal Cannot Establish That His Alleged Injury Is Excepted From The Broad Exclusivity Provision Of The Workers' Compensation Act. ...................11

            1.    Nosal's Alleged Injury Is "Accidental" For Purposes Of Determining Workers' Compensation Exclusivity. ...............................................12

            2.    Nosal's Alleged Injury Arose Out Of His Employment, Thus It Is "Compensable" Under The Workers' Compensation Act. ...........................12

        B.    Illinois Supreme Court Precedent Interpreting Workers' Compensation Exclusivity Is Binding On This Court; Other State Court Rulings Are Not. ..................................................................................................................13

        C.    BIPA Did Not Repeal The Exclusivity Provisions In The Illinois Workers' Compensation Act. ...............................................................................15

    III.    The Court Should Dismiss The Complaint Because Nosal's Conclusory Allegations Fail To Satisfy The Twombly-Iqbal Standard. ...................................................16

CONCLUSION ....................................................................................................................17

# TABLE OF AUTHORITIES

Page(s)

## Cases

*1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*,
2015 IL 118372 ..................................................................................................................16

*Ainsworth v. Century Supply Co.*,
295 Ill. App. 3d 644 (2d Dist. 1998) ..................................................................................6

*Allstate Ins. Co. v. Menards, Inc.*,
285 F.3d 630 (7th Cir. 2002) .............................................................................................13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .............................................................................................................3

*Bakalis v. Bd. of Trustees of Cmty. Coll. Dist. No. 504, Cty. of Cook, State of Ill. (Triton Coll.)*,
948 F. Supp. 729 (N.D. Ill. 1996) ......................................................................................6

*Barragan v. Casco Design Corp.*,
216 Ill. 2d 435 (2005) ........................................................................................................16

*Baylay v. Etihad Airways P.J.S.C.*,
222 F. Supp. 3d 698 (N.D. Ill. 2016), *aff'd*, 881 F.3d 1032 (7th Cir. 2018) .....................12

*Baylay v. Etihad Airways P.J.S.C.*,
881 F.3d 1032 (7th Cir. 2018) ...........................................................................................11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .............................................................................................................3

*Benitez v. KFC Nat. Mgmt. Co.*,
305 Ill. App. 3d 1027 (2d Dist. 1999) ................................................................................6

*People ex rel. Birkett v. Dockery*,
235 Ill. 2d 73 (2009) ..........................................................................................................14

*Blair v. Nevada Landing P'ship*,
369 Ill. App. 3d 318 (2d Dist. 2006) ...............................................................................5, 7

*Brooks v. Ross*,
578 F.3d 574 (7th Cir. 2009) ...............................................................................................4

*Bryant v. Compass Grp. USA, Inc.*,
  958 F.3d 617 (7th Cir. 2020), *as amended on denial of reh'g and reh'g en banc* (June 30,
  2020) ................................................................................................................................. 7

*Bryson v. News Am. Publications, Inc.*,
  174 Ill. 2d 77 (1996) ......................................................................................................... 5

*Calloway v. Kinkelaar*,
  168 Ill. 2d 312 (1995) ....................................................................................................... 8

*Carey v. Coca-Cola Bottling Co. of Chicago*,
  48 Ill. App. 3d 482 (2d Dist. 1977) ................................................................................. 11

*Collier v. Wagner Castings Co.*,
  81 Ill. 2d 229 (1980) ....................................................................................................... 13

*Cooley v. Power Constr. Co., LLC*,
  2018 IL App (1st) 171292 ................................................................................................ 10

*Copass v. Ill. Power Co.*,
  211 Ill. App. 3d 205 (4th Dist. 1991) ......................................................................... 11, 12

*Dahl v. Fed. Land Bank Assn. of W. Illinois*,
  213 Ill. App. 3d 867 (3d Dist. 1991) ................................................................................. 8

*People ex rel. Devine v. $30,700.00 U.S. Currency*,
  199 Ill. 2d 142 (2002) ..................................................................................................... 10

*Doe A. v. Diocese of Dallas*,
  234 Ill. 2d 393 (2009) ....................................................................................................... 4

*Douglass v. Hustler Magazine, Inc.*,
  769 F.2d 1128 (7th Cir. 1985) ........................................................................................... 9

*Doyle v. Rhodes*,
  101 Ill. 2d 1 (1984) ........................................................................................................... 8

*Eick v. Perk Dog Food Co.*,
  347 Ill. App. 293 (1st Dist. 1952) ................................................................................... 8, 9

*Folta v. Ferro Eng'g*,
  2015 IL 118070 .................................................................................................... 10, 12, 13

*Founding Church of Scientology of Washington, D. C. v. Am. Med. Ass'n*,
  60 Ill. App. 3d 586 (1st Dist. 1978) ................................................................................... 6

*Gannon v. Chicago, M., St. P. & P. Ry. Co.*,
  13 Ill. 2d 460 (1958) .................................................................................................. 11, 16

*Garland v. Morgan Stanley & Co.,*
    2013 IL App (1st) 112121 ...................................................................................... 12

*Goins v. Mercy Ctr. for Health Care Servs.,*
    281 Ill. App. 3d 480 (2d Dist. 1996) ...................................................................... 15

*Green v. Chicago Tribune Co.,*
    286 Ill. App. 3d 1 (1st Dist. 1996) ........................................................................... 9

*Hernon v. E.W. Corrigan Const. Co.,*
    149 Ill. 2d 190 (1992) .............................................................................................. 5

*Johnson v. Lincoln Christian College,*
    150 Ill. App. 3d 733 (4th Dist. 1986) ...................................................................... 6

*Knierim v. Izzo,*
    22 Ill.2d 73 (1961) ................................................................................................... 8

*Knolls Condominium Ass'n v. Harms,*
    202 Ill. 2d 450 (2002) ............................................................................................ 16

*Kolegas v. Heftel Broad. Corp.,*
    154 Ill. 2d 1 (1992) ................................................................................................. 6

*Leopold v. Levin,*
    45 Ill. 2d 434 (1970) ............................................................................................... 6

*Lopez v. Admiral Theatre, Inc.,*
    No. 19 C 673, 2019 WL 4735438 (N.D. Ill. Sept. 26, 2019) .................................. 5

*In re May 1991 Will Cty. Grand Jury,*
    152 Ill. 2d 381 (1992) ............................................................................................ 16

*Mayfield v. ACME Barrel Co.,*
    258 Ill. App. 3d 32 (1st Dist. 1994) ...................................................................... 12

*McCauley v. City of Chicago,*
    671 F.3d 611 (7th Cir. 2011) ................................................................................... 4

*McDonald v. Symphony Bronzeville Park, LLC,*
    2020 IL App (1st) 192398 ...................................................................................... 14

*McKenna v. Ortho Pharm. Corp.,*
    622 F.2d 657 (3d Cir. 1980) ................................................................................... 14

*Meerbrey v. Marshall Field & Co.,*
    139 Ill. 2d 455 (1990) ..................................................................................... 12, 13

*Napoles v. Johnson*,
No. 12 CV 10220, 2015 WL 755388 (N.D. Ill. Feb. 20, 2015) ........................................................17

*Neikirk v. Cent. Illinois Light Co.*,
128 Ill. App. 3d 1069 (3d Dist. 1984)...........................................................................................8

*NewSpin Sports, LLC v. Arrow Elecs., Inc.*,
910 F.3d 293 (7th Cir. 2018)......................................................................................................4

*Nischan v. Stratosphere Quality, LLC*,
865 F.3d 922 (7th Cir. 2017)....................................................................................................11

*Pathfinder Co. v. Industrial Comm'n*,
62 Ill. 2d 556 (1992) ...............................................................................................................12

*Pavlik v. Kornhaber*,
326 Ill. App. 3d 731 (1st Dist. 2001) ...........................................................................................8

*People v. Brockman*,
143 Ill. 2d 351 (1991) ...............................................................................................................8

*People v. Trainor*,
196 Ill. 2d 318 (2001) .............................................................................................................17

*People v. Woodard*,
175 Ill. 2d 435 (1997) .............................................................................................................10

*Petty v. Chrysler Corp.*,
343 Ill. App. 3d 815 (1st Dist. 2003) ...........................................................................................9

*Poulos v. Lutheran Soc. Servs. Of Illinois, Inc.*,
312 Ill. App. 3d 731 (1st Dist. 2000) ...........................................................................................6

*PSI Res., LLC v. MB Fin. Bank, Nat. Ass'n*,
2016 IL App (1st) 152204............................................................................................................4

*Reiser v. Residential Funding Corp.*,
380 F.3d 1027 (7th Cir. 2004) ...................................................................................................14

*Richardson v. Cty. of Cook*,
250 Ill. App. 3d 544 (1st Dist. 1993) .................................................................................... 10, 13

*Rivera v. Google Inc.*,
238 F. Supp. 3d 1088 (N.D. Ill. 2017)........................................................................................16

*Rosenbach v. Six Flags Entm't Corp.*,
2019 IL 123186 ..............................................................................................................5, 7, 9

*Sharp v. Gallagher,*
    95 Ill. 2d 322 (1983) ................................................................................................................ 10

*Shott v. Katz,*
    829 F.3d 494 (7th Cir. 2016) ...................................................................................................... 4

*Sims v. Teepak, Inc.,*
    143 Ill. App. 3d 865 (4th Dist. 1986) ...................................................................................... 10

*Sjostrom v. Sproule,*
    33 Ill. 2d 40 (1965) ................................................................................................................. 13

*Smith v. WGN, Inc.,*
    47 Ill. App. 2d 183 (1st Dist. 1964) .......................................................................................... 9

*Sterk v. Redbox Automated Retail, LLC,*
    672 F.3d 535 (7th Cir. 2012) .................................................................................................... 17

*Todd v. Societe Bic, S.A.,*
    21 F.3d 1402 (7th Cir. 1994) .................................................................................................... 14

*Trannel v. Prairie Ridge Media, Inc.,*
    2013 IL App (2d) 120725 ........................................................................................................ 6, 9

*Unger v. Continental Assurance Co.,*
    107 Ill. 2d 79 (1985) ............................................................................................................... 12

*Vacos v. LaSalle Madison Hotel Co.,*
    21 Ill. App. 2d 569 (1st Dist. 1959) ........................................................................................ 11

*West Bend Mut. Ins. Co. v. Krishna Schaumburg Tan, Inc.,*
    2020 IL App (1st) 191834 ....................................................................................................... 6, 7

*Wielgus v. Ryobi Techs., Inc.,*
    875 F. Supp. 2d 854 (N.D. Ill. 2012) ...................................................................................... 10

*Zurbriggen v. Twin Hill Acquisition Co., Inc.,*
    338 F. Supp. 3d 875 (N.D. Ill. 2018) ........................................................................................ 4

**Statutes**

735 ILCS § 5/13-201 .................................................................................................................. 1, 5

735 ILCS § 5/13-202 .................................................................................................................. 5, 8

735 ILCS § 5/13-205 .................................................................................................................. 1, 9

740 ILCS § 14/5 ........................................................................................................................... 15

740 ILCS § 14/5(g) ........................................................................................................................ 8

740 ILCS § 14/10 ...................................................................................................... 15

740 ILCS § 14/15 ........................................................................................................ 8

740 ILCS § 14/15(a) .................................................................................................... 3

740 ILCS § 14/15(b)(1) ............................................................................................... 3

740 ILCS § 14/15(b)(2) ............................................................................................... 3

740 ILCS § 14/15(b)(3) ............................................................................................... 3

740 ILCS § 14/15(d)(1) ............................................................................................... 3

740 ILCS § 14/20 ........................................................................................................ 2

820 ILCS § 305/5(a) .......................................................................................... 10, 11, 13

820 ILCS § 305/11 ................................................................................................ 10, 13

820 ILCS § 310/5(a) .................................................................................................. 13

820 ILCS § 310/11 ..................................................................................................... 13

The core question here is whether Plaintiff James Nosal, a former employee of Rich Products, can represent a class of plaintiffs that doubtless will seek a mountain of liquidated damages under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, for so-called "injuries" that allegedly occurred in the workplace when clocking in and out of work each day. The Complaint[1] should be dismissed for several reasons.

First, Nosal's claims are barred by the one-year statute of limitation applicable to claims under 735 ILCS § 5/13-201, which provides that actions "for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued." Although BIPA does not provide a statute of limitations, Plaintiff's allegations, coupled with BIPA's legislative intent and Illinois Supreme Court precedent, all make clear that Nosal's BIPA claims are in essence claims involving, or seeking to prevent, the disclosure of private information. (*See* Compl. [Dkt. #1-1] at ¶¶42, 83-90 (alleging disclosure of plaintiff's private biometric information)) And because Nosal alleges he started working for Rich Products in November 2012 (*id.* at ¶40), his claims accrued, if at all, when he first allegedly "scanned" his fingerprint (*id.*. at ¶¶40-43) and thus are time-barred. The same result would obtain under the two-year limitations period that applies to "personal" injuries, 735 ILCS § 5/13-201, or even the five-year "catch-all" limitations period that Plaintiff's counsel previously urged in state-court proceedings, 735 ILCS § 5/13-205.

Second, Nosal's claims for statutory damages (but not injunctive relief) are barred under the Illinois Workers' Compensation Act, which provides the exclusive remedies for injuries arising amid the employer-employee relationship. Accordingly, the Complaint should be dismissed with prejudice

---

[1] The original plaintiff was Joseph Tellado, who passed away in November 2019, during the pendency of Rich Products' motion to dismiss his first amended complaint. Before the grant of leave to file a second amended complaint, Nosal was a stranger to this lawsuit and by virtue of his substitution as named plaintiff he has in effect swapped out his claims for Tellado's, over Rich Products' objection. For purposes of this motion, Rich Products will refer to the second amended complaint as the "Complaint."

to the extent it seeks damages because Nosal's own allegations establish that he cannot obtain monetary relief under BIPA.

Finally, Nosal's request for statutory damages based upon alleged willful and reckless violations must also be dismissed. In short, not all violations of BIPA are actionable. According to the plain language of the statute, a plaintiff may obtain relief only if he can establish that the defendant "negligently," "recklessly," or "intentionally" violated BIPA's provisions. 740 ILCS § 14/20. Rather than assert any matter of substance, Nosal merely parrots the language of the statute without a single allegation setting forth what exactly Rich Products supposedly did to act with requisite intent, therefore rendering baseless any claim for a "reckless" or "willful" violation of statute. As a result, Nosal has not alleged a plausible claim to sustain his request for statutory damages of $5,000 per violation, thus warranting dismissal thereof.[2]

## BACKGROUND

The Complaint alleges the following facts. Nosal is a former employee of Rich Products whose tenure spanned from November 2012 until November 2017. (Compl. [Dkt. #1-1] at ¶40) Nosal alleges that "[a]s an employee, [he] was required to scan his fingerprint" (*id.* at ¶41) "each time he began and ended his workday" (*id.* at ¶43), "so Rich Products could use it as an authorization method to track his time" (*id.* at ¶41). Nosal further alleges that Rich Products "subsequently stored [his] biometric data in [a third-party] database[]." (*Id.* at ¶42) According to Nosal, these practices violated multiple provisions of BIPA, in that Rich Products allegedly:

- Failed to inform Nosal in writing that his biometric identifiers and biometric information were being collected and stored in violation of 740 ILCS 14/15(b)(1);

---

[2] As Rich Products previously advised the Court, it is investigating another potentially dispositive defense against Nosal. Briefly stated, Rich Products has reason to believe that Nosal may have executed an arbitration agreement and class action waiver, but its fact investigation with respect to that issue has been hindered by COVID-related circumstances and personnel turnover at the location where Nosal worked. Rich Products will assert issues related to any such agreement as soon as it is in a position to do so.

- Failed to inform Nosal in writing of the specific purpose and length of term for which his biometric identifiers or biometric information was being collected, stored, and used in violation of 740 ILCS 14/15(b)(2);

- Failed to obtain written releases from Nosal before it collected, used, and stored their biometric identifiers and information in violation of 740 ILCS 14/15(b)(3);

- Failed to provide a retention schedule or guideline for permanently destroying its employees' biometric identifiers and biometric information in violation of 740 ILCS 14/15(a); and

- Systematically and automatically disclosed, redisclosed, or otherwise disseminated biometric identifiers and/or biometric information without first obtaining the consent required by 740 ILCS 14/15(d)(1).

(*See, e.g., id.* at ¶¶64, 65, 73, 79, 88)  On behalf of himself and a putative class, Nosal seeks:  [1] injunctive and declaratory relief by requiring Rich Products to comply with BIPA's requirements for the collection, storage, and use of biometric information; [2] statutory damages of $1,000 per violation "for each" of Rich Products' negligent violations; [3] statutory damages of $5,000 per violation "for each" of Rich Products' "intentional and/or reckless" violations; and [4] reasonable attorneys' fees, costs, and expenses.  (*Id.* at ¶¶71, 81, 90)

## LEGAL STANDARD

### I. Dismissal Under Rule 12(b)(6) For Failure To State A Plausible Claim For Relief.

With respect to whether Nosal has adequately stated a claim (Argument Section III), the *Twombly-Iqbal* standard applies.  Under that standard, a complaint "does not need detailed factual allegations," but it must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Bare "legal conclusions" and "threadbare recitals of the elements of a cause of action" are not sufficient to survive a motion to dismiss, *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), because a plaintiff cannot "merely parrot statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims," *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (parentheses in original); *McCauley v. City of Chicago*,

671 F.3d 611, 617 (7th Cir. 2011) (affirming dismissal where "[m]any of the alleged 'facts' are actually legal conclusions or elements of the cause of action, which may be disregarded on a motion to dismiss"). Put differently, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *See Brooks*, 578 F.3d at 581.

## II. Dismissal Based On The Statute Of Limitations And Workers' Compensation Exclusivity

With respect to the statute of limitations and Workers' Compensation exclusivity (Argument Sections I and II, respectively), the Complaint should be dismissed because its own allegations demonstrate that Nosal's BIPA claims are both time-barred and incompatible with the Illinois Workers' Compensation Act. *See NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299–300 (7th Cir. 2018) ("when a plaintiff's complaint [ ] sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate"); *Zurbriggen v. Twin Hill Acquisition Co., Inc.*, 338 F. Supp. 3d 875, 896 (N.D. Ill. 2018) (dismissing claim barred by the exclusivity provisions of workers' compensation acts). In other words, Rich Products is moving to dismiss because Nosal has "plead[ed] [himself] out of court by alleging facts that show [he has] no legal claim." *See Shott v. Katz*, 829 F.3d 494, 497 (7th Cir. 2016).

## <u>ARGUMENT</u>

## I. The One-Year Statute Of Limitations For Privacy Claims Applies To Causes Of Action Under BIPA.

Because BIPA does not contain its own statute of limitation, a court must look to the nature of the injury to determine the applicable limitations period. *See Doe A. v. Diocese of Dallas*, 234 Ill. 2d 393, 413 (2009) ("The law is well established that the limitations period governing a claim is determined by the nature of the plaintiff's injury rather than the nature of the facts from which the claim arises."); *see also PSI Res., LLC v. MB Fin. Bank, Nat. Ass'n*, 2016 IL App (1st) 152204, ¶39 ("Where two statutes of limitation arguably apply to the same cause of action, the one which more

specifically relates to the action must be applied"); *Hernon v. E.W. Corrigan Const. Co.*, 149 Ill. 2d 190, 195 (1992) (similar; collecting cases). Nosal alleges the nature of his injury is that he has been "continuously and repeatedly [] exposed to [] risks" created by Rich Products' alleged violations of BIPA" (Compl. [Dkt. #1-1] at ¶47), which is a statute he describes as having the goal to "protect[] the[] right to privacy regarding [] biometrics" and the unlawful "dissemination" thereof (*id.* at ¶¶26, 29; *see also id.* at ¶80 (alleging Rich Products "violated Plaintiff's and the Class's rights to privacy")). *See also Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶¶34, 36 (purpose of BIPA is to prevent private information from being compromised). And the Complaint pointedly alleges that dissemination biometrics to a third-party **has already occurred**. (*See id.* at ¶47; *see also id.* at ¶¶82-90 (alleging improper disclosure of private biometric information to a third-party in supposed violation of Section 15(d)); *see generally id.* at ¶38 (Rich Products' alleged violations of BIPA "have raised a material risk that Plaintiff's and other similarly-situated individuals' biometric data will be unlawfully accessed by third parties")). Thus, as explained below, Nosal's claims are governed by the one-year limitations period that governs actions "for publication of [a] matter violating the right of privacy," 735 ILCS § 5/13-201, or, failing that, by the two-year period that governs injury to the person, 735 ILCS § 5/13-202.

**A.     Given The Allegations Of The Complaint And The Overarching Goal Of BIPA, A One-Year Statute of Limitations Applies To Nosal's Claims.**

A one-year statute of limitations applies to privacy claims like those at issue here. Indeed, courts have so held with respect to common law and statutory claims, such as claims for defamation, false light, public disclosure of private facts, misappropriation of an individual's likeness and violation of the Illinois Right to Publicity Act ("IRPA"), 765 ILCS § 1075/1 *et seq.*[3]   What these

---

[3] *See, e.g., Bryson v. News Am. Publications, Inc.*, 174 Ill. 2d 77, 105 (1996) ("[t]he limitations period for invasion of privacy claims and for defamation claims is one year after the cause of action accrues"); *Blair v. Nevada Landing P'ship*, 369 Ill. App. 3d 318, 323 (2d Dist. 2006) (the one-year statute of limitations applies to claims under the IRPA); *Lopez v. Admiral Theatre, Inc.*, No. 19 C 673, 2019 WL 4735438, at *2 (N.D. Ill. Sept.

claims share is they all involve the unlawful publication of personal information, even if it is not a specific so described as an element of the claim. *See Kolegas v. Heftel Broad. Corp.*, 154 Ill. 2d 1, 17–18 (1992) (false light claim shows that plaintiff was "placed in a false light before the public"); *Trannel v. Prairie Ridge Media, Inc.*, 2013 IL App (2d) 120725, ¶18 (claim under IRPA addresses the "public use" or "holding out" of an individual's identity); *Ainsworth v. Century Supply Co.*, 295 Ill. App. 3d 644, 648 (2d Dist. 1998) (misappropriation of likeness claims are "designed to protect a person from having his name or image used for commercial purposes without consent"). Given the allegations in the Complaint, these cases control the outcome here.

Doubtless claims under BIPA are privacy claims involving publication. In *West Bend Mut. Ins. Co. v. Krishna Schaumburg Tan, Inc.*, 2020 IL App (1st) 191834, the First District analyzed the term "publication" in the BIPA context. Specifically, the court considered whether an insurance policy's provision for personal injuries arising out of the "publication of material that violates a person's right of privacy"—language materially identical to that contained in Illinois' one-year statute of limitations—applied to a BIPA claim. *Id.* at ¶¶27-28. The underlying lawsuit involved a tanning salon that required its customers to enroll in a database in which their fingers were scanned for identity verification purposes. *Id.* at ¶10. The tanning salon allegedly failed to obtain proper consent and disclosed plaintiff's biometrics to a third-party vendor, in violation of BIPA. *Id.* at ¶¶10-11. The First District held that the common understanding of the term publication includes "a more limited sharing of information with a single third party." *Id.* at ¶35. As such, BIPA's core concern

---

26, 2019) (same; citing authority); *Poulos v. Lutheran Soc. Servs. Of Illinois, Inc.*, 312 Ill. App. 3d 731, 745 (1st Dist. 2000) (same as to false light); *Benitez v. KFC Nat. Mgmt. Co.*, 305 Ill. App. 3d 1027, 1034 (2d Dist. 1999) (one-year statute of limitations applies to claims for [1] public disclosure of private facts, [2] appropriation of name or likeness, and [3] false light); *Johnson v. Lincoln Christian College*, 150 Ill. App. 3d 733, 745-46 (4th Dist. 1986) (same as to public disclosure of private facts); *Founding Church of Scientology of Washington, D. C. v. Am. Med. Ass'n*, 60 Ill. App. 3d 586, 589 (1st Dist. 1978) (same as to libel); *Bakalis v. Bd. of Trustees of Cmty. Coll. Dist. No. 504, Cty. of Cook, State of Ill. (Triton Coll.)*, 948 F. Supp. 729, 736 (N.D. Ill. 1996) (same for slander); *Leopold v. Levin*, 45 Ill. 2d 434, 444 (1970) (the one-year statute of limitations applies to claims for misappropriation of an individual's likeness).

-6-

with prohibiting disclosure of an individual's biometric data to a third party necessarily involves publication. *Id.* at ¶38. The insurance policy thus covered the plaintiff's BIPA claim. *Id.*

The *West Bend* decision is consistent with how the Illinois Supreme Court and other courts have interpreted BIPA. BIPA sets up a statutory framework designed to prevent individuals' biometric data from falling into the wrong hands. *See Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶33. As recognized by the Illinois Supreme Court in *Rosenbach*, and more recently the Seventh Circuit Court of Appeals, the focus of BIPA is not just on a right to privacy, but also on a right to control the dissemination of biometric information. *Id.*; *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020), *as amended on denial of reh'g and reh'g en banc* (June 30, 2020). Each of BIPA's provisions serve to further that purpose. *See Bryant*, 958 F.3d at 626 ("the sensitivity of biometric information and the risk of identity theft or other privacy or economic harm that may result from its dissemination, necessitates that people be given the opportunity to make informed choices about to whom and for what purpose they will relinquish control of that information."). And this conclusion holds true regardless of what provision of the statute is alleged to have been violated, for all the provisions in the statute serve to advance the General Assembly's goal of preventing the wrongful disclosure of biometrics. *See Sekura*, 2018 IL App (1st) 180175 at ¶59 ("[t]he Act's goal is to prevent irretrievable harm from happening and to put in place a process and rules to reassure an otherwise skittish public."). This conclusion is particularly warranted here, where Nosal alleges that the class's biometrics have been improperly disclosed. (*See* Compl. [Dkt. #1-1] at ¶¶42, 82-90) Accordingly, given that Nosal alleges his biometrics were first obtained in violation of BIPA when he began his employment in November 2012 (*id.* at ¶¶40, 41, 43), *see Blair*, 369 Ill. App. 3d at 325 ("the first time that an offending item is published, the one-year statute of limitations * * * begins to run and the dissemination of that same offending item thereafter does not * * * refresh the running of the statute of limitations"), Nosal's claims are time-barred.

-7-

**B.      In The Alternative, The Two-Year Statute Of Limitations For Personal Injuries Should Apply To BIPA Claims.**

In the alternative, the two-year statute of limitations for personal injuries should apply to BIPA claims. BIPA claims, at their core, are suits for personal injuries. *See, e.g., Neikirk v. Cent. Illinois Light Co.*, 128 Ill. App. 3d 1069, 1072 (3d Dist. 1984) ("The fact that the alleged cause of action was statutory in origin does not remove plaintiff's personal injury claim from the purview of section 13–202, and thus, the civil action here is provided for by a specific limitation provision."). As such, the two-year statute of limitations for "actions for damages for an injury to the person" governs claims under BIPA. 735 ILCS § 5/13-202.[4]

The law in Illinois has long recognized that personal injuries include more than physical, bodily injuries. *See Eick v. Perk Dog Food Co.*, 347 Ill. App. 293, 299 (1st Dist. 1952) (a claim can be based on purely mental injuries); *see also Knierim v. Izzo*, 22 Ill.2d 73, 83-87 (1961) (recognizing claim for "great mental anguish" and "nervous exhaustion"); *Pavlik v. Kornhaber*, 326 Ill. App. 3d 731, 744 (1st Dist. 2001) (personal injury statute of limitations applied to patient's claim against therapist for emotional injuries related to the therapist's sexual advances); *Dahl v. Fed. Land Bank Assn. of W. Illinois*, 213 Ill. App. 3d 867, 872 (3d Dist. 1991) ("emotional harm is a species of 'injury to the person'"). This is why courts repeatedly hold that a two-year statute of limitations applies to personal injury claims even where those claims involve non-physical injuries. *Dahl*, 213 Ill. App. 3d at 872 ("intentional infliction of emotional harm is governed by the limitation period set out in section 13-202 of the Code of Civil Procedure"); *Pavlik*, 326 Ill. App. 3d at 761 (same).

---

[4] Tort liability can arise from a statutory violation. *See People v. Brockman*, 143 Ill. 2d 351, 372-73 (1991). A statute imposes tort liability when [1] the statute imposes a duty and [2] the legislature designed the statute to protect human life and safety. *Id.* at 372; *Calloway v. Kinkelaar*, 168 Ill. 2d 312, 326 (1995); *Doyle v. Rhodes*, 101 Ill. 2d 1, 17 (1984). BIPA satisfies both criteria. The statute imposes duties on private entities with respect to the collection and dissemination of biometric data. 740 ILCS § 14/15. The General Assembly also affirmatively announced that the statute is designed to protect "public welfare, security and safety" in the Preamble to BIPA. 740 ILCS § 14/5(g).

In the main, privacy claims consist entirely of non-physical, emotional injuries that nonetheless are injuries "to the person." Indeed, since the inception of invasion of privacy torts in Illinois, courts have recognized that privacy claims require courts to "take cognizance of an injury, even though no right of property or contract may be involved and even though the damages resulting are exclusively those of mental anguish." *See Eick*, 347 Ill. App. at 299.[5]

The same is true for BIPA claims. As is the case with common law privacy torts, violations of BIPA do not result in physical injuries, but nonetheless are "real and significant," *see Rosenbach*, 2019 IL 123186 at ¶34, and there is no reason to think a BIPA injury is dissimilar to other privacy claims, especially given that BIPA is a statute aimed at preventing the unauthorized disclosure of private information. Thus, at most the applicable limitations period is two years, which, again, means Nosal's claims are time-barred having arisen, if at all, in November 2012. (Compl. [Dkt. #1-1] at ¶40) But for the sake of completeness, Rich Products will further note that the same result would obtain, even under the five-year "catch-all" limitations period that Plaintiff's counsel has previously urged in this case, 735 ILCS § 5/13-205.

## II. The Illinois Workers' Compensation Act Provides The Exclusive Remedy For Employees Who Seek Statutory Damages Allegedly Caused By Workplace Injuries.

The Illinois Workers' Compensation Act preempts Nosal's claim for statutory damages under BIPA. The Workers' Compensation Act created a system where "in exchange for a system of no-fault liability upon the employer, the employee is subject to statutory limitations on recovery for

---

[5] There is ample authority to a similar effect. *See, e.g., Trannel*, 2013 IL App (2d) 120725 at ¶15 (common law appropriation of likeness claim "protected a private individual whose harm was to personal feelings"); *Petty v. Chrysler Corp.*, 343 Ill. App. 3d 815, 828 (1st Dist. 2003) (damages for mental suffering and distress could be expected and constitute actual damages in misappropriation-of-identity cases); *Green v. Chicago Tribune Co.*, 286 Ill. App. 3d 1, 9 (1st Dist. 1996) (a claim for publication of private facts arises only when the publication is "is such that a reasonable person would feel justified in feeling seriously aggrieved by it"); *Smith v. WGN, Inc.*, 47 Ill. App. 2d 183, 186 (1st Dist. 1964) (a claim for invasion of privacy entitles plaintiff with "the right to collect damages for anguish, distress, and humiliation"); *Douglass v. Hustler Magazine, Inc.*, 769 F.2d 1128, 1134 (7th Cir. 1985) ("[t]he false-light tort, to the extent distinct from the tort of defamation [] rests on an awareness that people who are made to seem pathetic or ridiculous may be shunned, and not just people who are thought to be dishonest or incompetent or immoral.").

injuries and occupational diseases arising out of and in the course of employment." *Folta v. Ferro Eng'g,* 2015 IL 118070, ¶12. "As part of this 'balancing,' the Act further provides that the statutory remedies under it shall serve as the employee's exclusive remedy if he sustains a compensable injury." *Sharp v. Gallagher,* 95 Ill. 2d 322, 326 (1983) (internal quotation omitted); *Cooley v. Power Constr. Co., LLC,* 2018 IL App (1st) 171292, ¶12 ("Employees that are injured at work do not have a cause of action against their employer, and their exclusive remedy is to apply for benefits under the Workers' Compensation Act"); *see also* 820 ILCS § 305/5(a) (setting forth exclusivity provision); 820 ILCS § 305/11 (the "compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer"). The policy reasons for exclusivity are manifest: the workers' compensation system acts as a form of insurance, providing for an exclusive system of liability for work-related injuries, in return for giving employers relief from the prospect of large damages claims. *See Wielgus v. Ryobi Techs., Inc.,* 875 F. Supp. 2d 854, 860 (N.D. Ill. 2012); *see also Sims v. Teepak, Inc.,* 143 Ill. App. 3d 865, 868–69 (4th Dist. 1986).

As with any issue of statutory construction, the analysis "begins with the plain language of the statute." *See People ex rel. Devine v. $30,700.00 U.S. Currency,* 199 Ill. 2d 142, 150 (2002); *see also People v. Woodard,* 175 Ill. 2d 435, 443 (1997) ("[t]here is no rule of construction which allows the court to declare that the legislature did not mean what the plain language of the statute imports"). According to that plain language, an employee has "no common law **or statutory right** to recover damages from the employer * * * for injury [] sustained by any employee while engaged in the line of [ ] duty," 820 ILCS § 305/5(a) (emphasis added), or for an injury "arising out of and in the course of the employment," 820 ILCS § 305/11 (together, the "Exclusivity Provisions"). *See also Richardson v. Cty. of Cook,* 250 Ill. App. 3d 544, 547 (1st Dist. 1993) (the exclusivity provisions specifically establish that an employee has no "statutory right to recover damages from the employer * * * for injuries incurred in the course of her employment") (internal quotation omitted). As the Illinois Supreme

-10-

Court explains, "[t]he language of [820 ILCS § 305/5(a)], read alone, **leaves no room for construction** [because] it bars any 'statutory right to recover damages for injury,'" *Gannon v. Chicago, M., St. P. & P. Ry. Co.*, 13 Ill. 2d 460, 462-63 (1958) (emphasis added), which is why courts have held, time and time again, that the Exclusivity Provisions bar employee attempts to recover damages under a whole host of statutes. *See, e.g., id.* (describing Section 5(a) as having a "broad sweep" and holding that the Workers' Compensation Act barred employee claim under the Scaffold Act); *Vacos v. LaSalle Madison Hotel Co.*, 21 Ill. App. 2d 569, 572 (1st Dist. 1959) (same regarding employee claim under the Dram Shop Act; the "clear language of [Section 5(a)] bars any right . . . to recover" outside the Workers' Compensation Act); *Copass v. Ill. Power Co.*, 211 Ill. App. 3d 205, 207-14 (4th Dist. 1991) (same regarding employee claim under the Public Utilities Act); *Carey v. Coca-Cola Bottling Co. of Chicago*, 48 Ill. App. 3d 482, 484 (2d Dist. 1977) (similar). This authority controls the outcome here: the Workers' Compensation Act "leaves no room for construction" because its plain language bars any statutory right an employee has to recover damages against an employer for a workplace injury, such as a statutory right to damages under BIPA that an employee asserts against an employer.

### A. Nosal Cannot Establish That His Alleged Injury Is Excepted From The Broad Exclusivity Provision Of The Workers' Compensation Act.

To circumvent these exclusivity provisions, Nosal must demonstrate that his injury [1] "was not accidental," [2] "did not arise from her employment," [3] "was not received during the course of her employment," or [4] "is not compensable under the Act." *See Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 934 (7th Cir. 2017); *Baylay v. Etihad Airways P.J.S.C.*, 881 F.3d 1032, 1039 (7th Cir. 2018) (plaintiff bears burden of establishing exception to Workers' Compensation exclusivity provision). No exception to exclusivity applies here.

1. **Nosal's Alleged Injury Is "Accidental" For Purposes Of Determining Workers' Compensation Exclusivity.**

To the extent Nosal has suffered an "injury" from placing a finger on a time-clock scanner, that injury is "accidental" for purposes of determining Workers' Compensation exclusivity. To begin, the Complaint does not allege facts that could plausibly be construed as "willful" conduct. (*See* Argument Section III below.) Even if it did, courts have construed the term "accidental" "to be a comprehensive one that is almost without boundaries," such that it that includes "willful and wanton" conduct, *see Baylay v. Etihad Airways P.J.S.C.*, 222 F. Supp. 3d 698, 704 (N.D. Ill. 2016), *aff'd*, 881 F.3d 1032 (7th Cir. 2018) (citing authority; internal quotation omitted), and all other conduct except that where the "employer [] acted deliberately and with specific intent to injure the employee," *Garland v. Morgan Stanley & Co.*, 2013 IL App (1st) 112121, ¶29; *Copass v. Ill. Power Co.*, 211 Ill. App. 3d 205, 214 (4th Dist. 1991) (similar); *Mayfield v. ACME Barrel Co.*, 258 Ill. App. 3d 32, 35 (1st Dist. 1994) (similar). And because there are no allegations that Defendants implemented a time-clock system with the specific intent of injuring Nosal—nor could there be given the constraints of Rule 11 of the Federal Rules of Civil Procedure—Nosal's injury is accidental, and he cannot establish that the first exception to exclusivity applies.

2. **Nosal's Alleged Injury Arose Out Of His Employment, Thus It Is "Compensable" Under The Workers' Compensation Act.**

The remaining exceptions likewise do not apply. Nosal admits his alleged injuries arose out of, and occurred during the course of, employment with his employer (*see, e.g.*, Compl. [Dkt. #1-1] at ¶¶41-47), which in turn means that his injury is "compensable," as ample Illinois Supreme Court precedent confirms. *See Folta*, 2015 IL 118070 at ¶¶18-30 (broadly construing exclusivity provisions of Sections 5(a) and 11 to hold that an injury will be found to be "compensable under the Act" when it "aris[es] out of and in the course of the employment"); *Pathfinder Co. v. Industrial Comm'n*, 62 Ill. 2d 556, 563 (1992); *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 468 (1990); *Unger v. Continental*

*Assurance Co.*, 107 Ill. 2d 79, 85 (1985) (similar); *Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 237–38 (1980) (similar); *Sjostrom v. Sproule*, 33 Ill. 2d 40, 43 (1965) (similar); *Richardson*, 250 Ill. App. 3d at 548 (injury "compensable under the Act if it was sustained during the course of employment and arose from that employment"). Thus, Nosal cannot establish that his alleged injury avoids the Exclusivity Provisions of the Workers' Compensation Act, and his claim for damages should be dismissed.

    **B.**    **Illinois Supreme Court Precedent Interpreting Workers' Compensation Exclusivity Is Binding On This Court; Other State Court Rulings Are Not.**

The above-cited Illinois Supreme Court precedent binds the Court. *See Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002) ("the task of the federal court sitting in diversity is to ascertain the substantive content of state law as it [] has been determined by the highest court of the state"). Accordingly, Nosal simply cannot contend that his injuries are somehow excepted from Workers' Compensation exclusivity [1] because the Illinois Supreme Court has never so held and [2] because the Illinois Supreme Court has consistently rejected attempts to limit the Act's application based on the nature of the injury as it conflicts with the plain language of the statute and an unflinching line of authority broadly interpreting exclusivity. *See Folta*, 2015 IL 118070, ¶¶10-30. The upshot is that the Workers' Compensation Act does not distinguish between types of injuries except in one respect—it requires only that the injury be "in the line of duty" or "arising out of and in the course of the employment." *See* 820 ILCS 305/5(a) and 11. Indeed, the Illinois Supreme Court has previously noted that, where the plain language of the statute applies to "***any*** injury to health [or] disease," it would be a "radical departure to suggest" that that language applies "only for ***certain*** occupational diseases . . ." *Folta*, 2015 IL 118070 at ¶41 (construing 820 ILCS 310/5(a) and 820 ILCS 310/11, which "have been viewed analogously [to the Exclusivity Provisions] for purposes of judicial construction") (emphasis in original); *see also Meerbrey*, 139 Ill. 2d at 467–68 (deeming "humiliation" arising from false arrest of former employee to be within the categorical purview of the Workers' Compensation Act).

-13-

While some recent state court rulings—including a recent state appellate court decision, *see, e.g., McDonald v. Symphony Bronzeville Park, LLC,* 2020 IL App (1st) 192398—have attempted to create a new exception from Workers' Compensation exclusivity, those rulings do not impact the analysis here because rulings of inferior state courts are **never** binding on a federal court sitting in diversity jurisdiction.[6] *See Reiser v. Residential Funding Corp.,* 380 F.3d 1027, 1029 (7th Cir. 2004) ("under *Erie* our task in diversity litigation is to predict what the state's highest court will do. Once the state's highest court acts, the need for prediction is past. But decisions of intermediate state courts lack similar force; they, too, are just prognostications."); *see also McKenna v. Ortho Pharm. Corp.,* 622 F.2d 657, 663 (3d Cir. 1980) (similar).

Those state court decisions would crumble under their own reasoning, in any event. By creating a new exception to Workers' Compensation exclusivity, those decisions not only conflict with Illinois Supreme Court authority, but also with "a cardinal rule of statutory construction that [a court] cannot rewrite a statute, and depart from its plain language, by reading into it exceptions, limitations or conditions not expressed by the legislature." *See also People ex rel. Birkett v. Dockery,* 235 Ill. 2d 73, 81 (2009). Moreover, "[w]hen given a choice between an interpretation of Illinois law which reasonably restricts liability, and one which greatly expands liability, [a court] should choose the narrower and more reasonable path (at least until the Illinois Supreme Court tells us differently)." *Todd v. Societe Bic, S.A.,* 21 F.3d 1402, 1412 (7th Cir. 1994) (parentheses in original). Nosal's position would create substantially more liability, for the purported class here—like all other pending BIPA class actions arising under the employer-employee relationship—bears the hallmark of seeking a mountain of damages despite the fact that no putative class member has suffered any real-world harm.

---

[6] Rich Products' defense counsel, Seyfarth Shaw, LLP, is also defense counsel for Symphony Bronzeville Park and can advise that Symphony Bronzeville Park will be filing a petition for leave to appeal the First District Appellate Court's decision to the Illinois Supreme Court.

-14-

These state court decisions also would yield nonsensical results. Following the reasoning in those decisions, had Nosal suffered some psychological injury from scanning a finger or the alleged invasion of privacy arising therefrom, the Court here would have to determine that Nosal's BIPA claim is preempted by the Workers' Compensation Act. And that would mean Rich Products would have **greater** protection from damages claims brought by persons who have suffered actual psychological (or physical) harm and **no** protection whatsoever from massive (and potentially ruinous) damages claims brought by plaintiffs who have not suffered any actual injury at all. *See, e.g., Goins v. Mercy Ctr. for Health Care Servs.*, 281 Ill. App. 3d 480, 487–88 (2d Dist. 1996) (holding that an employee's claim under the AIDS Confidentiality Act would have been preempted by Workers' Compensation exclusivity but for the determination that the employer, a hospital, was acting not in its capacity as an employer, but rather as a medical provider to an injured employee). This is a patently illogical outcome that cannot possibly be what the Illinois Legislature intended. In any event, the point remains that this Court is bound by the plain language of the Workers' Compensation Act and Illinois Supreme Court precedent, which do **not** except invasion-of-privacy injuries—or any other types of injuries—from exclusivity.

### C. BIPA Did Not Repeal The Exclusivity Provisions In The Illinois Workers' Compensation Act.

There is no reason to think that, by enacting BIPA, the Illinois legislature sought to upheave the liability protection to common law and statutory claims that employers enjoy with respect to workplace-related injuries. To begin, BIPA appears in Chapter 740 of the Illinois Code, which is titled "Civil Liabilities," whereas laws specifically applicable to employers and their employees are contained in Chapter 820, which is aptly named the "Employment" chapter of the Illinois Code. Moreover, BIPA's "Legislative Findings" section makes no mention of employers or employees, 740 ILCS § 14/5, and, in fact, the terms "employment" and "employee" are only contained in BIPA at the end of 740 ILCS § 14/10, buried within the definition of the phrase "written release."

-15-

Accordingly, because there is no express repeal of Workers' Compensation exclusivity, BIPA "should not be construed to effect a change in the settled law of the State" because neither its place in the Illinois Code nor its text "clearly require[s] such a construction," *In re May 1991 Will Cty. Grand Jury*, 152 Ill. 2d 381, 388 (1992), particularly since it is the Workers' Compensation Act, not BIPA, that contains an exclusivity provision, *see Gannon*, 13 Ill. 2d at 463 (holding that Workers' Compensation Act preempts employee claim brought under a statute). Even if there were "[a]n apparent conflict between statutes, they must be construed in harmony," *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶37, "so that no provisions are rendered inoperative," *Knolls Condominium Ass'n v. Harms*, 202 Ill. 2d 450, 458–59 (2002); *Barragan v. Casco Design Corp.*, 216 Ill. 2d 435, 441–42 (2005) (the "court has a duty to interpret the statutes in a manner that avoids an inconsistency and gives effect to both statutes, where such an interpretation is reasonably possible"). Here, it is easy to give effect to both BIPA and the Workers' Compensation Act: to the extent an employee can demonstrate that injunctive or declaratory relief is appropriate, then that employee can obtain redress under BIPA (thereby effectuating the purpose of BIPA); but to the extent the employee seeks a "statutory right" to damages under BIPA, that claim is preempted by the exclusive remedies afforded under the Illinois Workers' Compensation Act (thereby protecting employers against the prospect of large damages verdicts).

## III. The Court Should Dismiss The Complaint Because Nosal's Conclusory Allegations Fail To Satisfy The *Twombly-Iqbal* Standard.

Nosal's claims of "willful" violations should be dismissed, as well. These claims fail because "[BIPA] only subjects violators to statutory damages if there is negligence or willfulness." *See Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1104 (N.D. Ill. 2017). In other words, by BIPA's own terms, not every violation is "negligent," "reckless" or "willful," and thus not every violation of the BIPA gives rise to a cognizable claim. Accordingly, a conclusion that Nosal has sufficiently alleged recklessness or willfulness by alleging technical violations of BIPA alone would impermissibly render statutory

terms superfluous. *See, e.g., People v. Trainor*, 196 Ill. 2d 318, 331-32 (2001). And, to be sure, the Complaint does not contain a single allegation—not one (*cf.* Compl. [Dkt. #1-1] at ¶41 (alleging Rich Products used the time clock at issue "as an authorization method to track [Nosal's] time")— that could plausibly sustain a charge of "willful" or "reckless" conduct. *See, e.g., Napoles v. Johnson*, No. 12 CV 10220, 2015 WL 755388, at *2 (N.D. Ill. Feb. 20, 2015) (dismissing complaint because it "contains no allegations supporting an inference of willful and wanton conduct, whether intentional or reckless in nature"). As a result, the Nosal's request for $5,000 in liquidated damages should be dismissed, particularly given Nosal has not alleged a resulting injury or harm. *See Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 538 (7th Cir. 2012) (plaintiff must allege an actual injury to recover statutory damages because they "are intended to be an estimate of actual damages.").

## CONCLUSION

The Complaint is deficient. The allegations establish both [1] that Nosal's claims accrued well outside the limitations period and [2] that whatever injury he suffered occurred in the workplace and during the course of his employment, thereby rendering his request for damages preempted by the Illinois Workers' Compensation Act. In addition, Nosal has failed to allege a plausible claim as to his request for damages based on a reckless or willful violation of statute because, rather than plausibly alleging that Rich Products was reckless or acted with the requisite intent, Nosal merely sets out a boilerplate recitation of statutory language. For all these reasons, Nosal's claims should be dismissed in accordance with Rule 12(b)(6).

## <u>CERTIFICATE OF SERVICE</u>

     I, Joseph A. Donado, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**, to be served upon all counsel of record through the Court's electronic notification system.:

                     /s/ Joseph A. Donado