# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JAMES NOSAL, individually and on behalf of all others similarly situated, | No. 20-cv-04972 |
| Plaintiffs, | Judge John F. Kness |
| v. | |
| RICH PRODUCTS CORPORATION, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Nosal brings this purported class action suit under the Illinois Biometric Information Privacy Act (BIPA) against Defendant Rich Products Corporation. (Dkt. 1-1.) Plaintiff, a former employee of Defendant, alleges that Defendant improperly collected, stored, used, and disseminated his fingerprints in their employee database run by ADP. (*Id.* ¶ 32.) Plaintiff further alleges that employees were required to provide their biometric information once they were hired, and that Defendant failed to adequately follow BIPA guidelines. (*Id.* ¶ 33.) According to Plaintiff, Defendant "lacks a retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' biometric data and has not and will not destroy Plaintiff's and other similarly-situated individuals' biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company." (*Id.* ¶ 35.)

Plaintiff, individually and on behalf of a purported class, filed a complaint

against Defendant in the Circuit Court of Cook County, Illinois and alleged violations of BIPA sections 15(a), 15(b)(1), 15(b)(2), 15(b)(3), and 15(d). (*Id.* ¶¶ 63–90.) Defendant timely removed this matter to the United States District Court for the Northern District of Illinois under diversity jurisdiction and the Class Action Fairness Act. (Dkt. 1.)

Defendant has moved to dismiss Plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 14 at 2.) Plaintiff asserts that the relevant statute of limitations has expired, that BIPA claims are preempted by the Illinois Worker's Compensation Act, and that the complaint fails to meet the *Twombly-Iqbal* plausibility standard. (*Id.* at 1–2.) Plaintiff responds to Defendant's motion by requesting that his section 15(a) claim be severed and remanded to state court because Plaintiff allegedly lacks Article III standing to bring that claim in federal court. (Dkt. 19 at 14.) As to the remaining claims, Plaintiff contends that Defendant's grounds for dismissal are without merit. (*Id.* at 15–31.) While Defendant's motion to dismiss was pending, the Court stayed the case in anticipation of several decisions from the Supreme Court of Illinois that address key issues in this case. (Dkt. 29.) Now that the Supreme Court of Illinois has issued those decisions, the Court will resolve Defendant's motion.

As explained below, because Plaintiff has alleged that Defendant unlawfully retained his biometric data, Plaintiff has Article III standing to bring his section 15(a) BIPA claim. As a result, the Court denies Plaintiff's request to sever and remand the section 15(a) claim. Defendant's motion to dismiss (Dkt. 14) is denied. Plaintiff's BIPA

claims are timely because a five-year statute of limitations applies, and a separate BIPA claim accrued each time Plaintiff scanned his fingerprints during his employment. Plaintiff's BIPA claims are not preempted by the Illinois Worker's Compensation Act, and the allegations in the complaint satisfy the *Twombly-Iqbal* plausibility pleading standard. For these reasons, Defendant's motion to dismiss (Dkt. 14) is denied.

## I. LEGAL STANDARDS

### A. Standing

"[A]s always, 'subject-matter jurisdiction is the first issue in any case.' " *Woods v. FleetPride, Inc.*, 2022 WL 900163, at *3 (N.D. Ill. Mar. 27, 2022) (quoting *Miller v. Southwest Airlines Co.*, 926 F.3d 898, 902 (7th Cir. 2019)). If, after removal of a case from a state court, it "appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* (quoting 28 U.S.C. § 1447(c)) (cleaned up). It is the party seeking removal that "bears the burden of establishing federal jurisdiction." *Id.* (quoting *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352 (7th Cir. 2017)).

Article III of the Constitution requires an actual case or controversy between the parties. *Deveraux v. City of Chicago*, 14 F.3d 328, 330 (7th Cir. 1994). Three requirements must be met for Article III standing: "(1) [the plaintiff] must have suffered an actual or imminent, concrete and particularized injury-in-fact; (2) there must be a causal connection between h[is] injury and the conduct complained of; and (3) there must be a likelihood that this injury will be redressed by a favorable decision." *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 621–622 (7th Cir. 2020),

*as amended* (June 30, 2020) (citing *Lujan v. Defs. of Wildlife*, 504 U.S.555, 560–61 (1992)).

### B.    Motion to Dismiss

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Frat. Ord. of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2) (A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."). A plaintiff's allegations "must be enough to raise a right to relief above the speculative level" and "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up). Although legal conclusions are not entitled to the assumption of truth, the Court, in evaluating a motion to dismiss, must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *See Iqbal*, 556 U.S. at 678–79.

## II.    DISCUSSION

### A.    Article III Standing for the Section 15(a) Claim

As the party seeking removal, Defendant bears the burden of establishing Plaintiff's standing to pursue his section 15(a) claim. *See Bryant*, 958 F.3d at 620 (noting the "role reversal in the arguments" in removal cases). Only the first standing requirement—injury-in-fact—is contested here: namely, whether any injury suffered

by Plaintiff was "caused directly by [Defendant's] failure to comply with BIPA, and the prospect of statutory damages shows that such an injury is redressable." *Id.* at 621. Plaintiff relies on *Bryant*, 958 F.3d at 626, to argue that there is no injury-in-fact, while Defendant relies on a later Seventh Circuit decision, *Fox v. Dakkota Integrated Systems, LLC*, 980 F.3d 1146 (7th Cir. 2020), to argue the contrary.

In *Bryant*, the plaintiff alleged only that the defendant had failed to disclose to the public its "written policy . . . establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information." 958 F.3d at 626. Because the defendant's "duty to disclose [its retention policy] under section 15(a) is owed to the public generally, not to particular persons whose biometric information the entity collects," the plaintiff alleged "no particularized harm" from the defendant's violation and thus lacked Article III standing. *Id.*

In *Fox*, however, the Seventh Circuit recognized "the limits of [*Bryant*'s] section 15(a) holding," which applies only when the plaintiff alleges solely a violation of "the section 15(a) duty to *publicly disclose* data retention and destruction protocols." *Fox*, 980 F.3d at 1154 (emphasis in original). *Fox*'s section 15(a) claim was "much broader" because the plaintiff had alleged that the defendant violated "the full range of its section 15(a) duties by failing to develop, publicly disclose, *and comply with* a data-retention schedule and guidelines" for destruction of biometric data. *Id.* (emphasis in original). As the Seventh Circuit explained, the unlawful retention "of a person's biometric data is [a] concrete and particularized" injury because it exceeds the plaintiff's scope of consent regarding how the data will be used. *See id.* at 1154–

5

55. Because the plaintiff alleged broader injurious acts than had the plaintiff in *Bryant*, the *Fox* plaintiff had standing. *Id.* at 1156.

Plaintiff here alleges that Defendant violated section 15(a) by failing to "institute, maintain and adhere to [a] publicly-available retention schedule," and that Defendant "has not and will not destroy Plaintiff's . . . biometric data when the initial purpose for collecting or obtaining such data has been satisfied." (Dkt. 1-1, at 9, 15.) Plaintiff alleges more than the mere failure-to-disclose violation found insufficient in *Bryant*: rather, Plaintiff contends that Defendant has unlawfully *retained* his data, which is an injury-in-fact sufficient for standing under *Fox*. As a result, Plaintiff has standing to pursue his section 15(a) claim in federal court.[1]

### B. Statute of Limitations

There is no BIPA-specific statute of limitations. This omission has led the parties to dispute the applicable limitations period. Defendant argues that Plaintiff's alleged harms involve privacy and so asks the Court to apply the one-year statute of limitations for matters "violating the right of privacy." (Dkt. 15 at 5 (quoting 735 ILCS 5/13-201).) If the Court does not apply the one-year limitation, however, then Defendant posits that, because BIPA claims can be analogized to personal injuries, a two-year statute of limitation must apply. (*Id.* at 8.) Plaintiff disagrees, contending

---

[1] Plaintiff relies in part on the district court's decision in *Fox*, which was issued after *Bryant. See Fox v. Dakkota Integrated Sys., LLC*, 2020 WL 8409665, at *2 (N.D. Ill. July 23, 2020). But the Seventh Circuit reversed the district court after Plaintiff filed his response to the motion to dismiss, and Plaintiff thus did not have the opportunity to comment on the effect of the Seventh Circuit's decision in *Fox*. No further comment from Plaintiff is necessary, though, because the Court holds that Plaintiff's pleadings mirror those found sufficient to establish standing in *Fox. See Frey v. E.P.A.*, 270 F.3d 1129, 1131–32 (7th Cir. 2001).

that Illinois's default five-year statute of limitations applies. (Dkt. 19 at 6.) While this case was stayed, the Supreme Court of Illinois decided *Tims v. Black Horse Carriers, Inc.*, which explains that a five-year limitations period applies to all BIPA claims. 2023 WL 1458046, at *1, *3 (Ill. Feb. 2, 2023) ("[W]e find that the five-year limitations period contained in [735 ILCS 5/13-205] governs claims under [BIPA]" and "the appellate court erred in applying two different statutes of limitations to [BIPA]."). Accordingly, the Court applies a five-year statute of limitations to Plaintiff's BIPA claims.

Defendant nonetheless contends that Plaintiff's BIPA claims accrued, if ever, only upon the initial violation in 2012, thus putting Plaintiff out of the statute of limitations period. (Dkt. 24 at 5.) By contrast, Plaintiff argues that his BIPA claims against Defendant accrued—and the statute of limitations period began to run—each time he scanned his fingerprint. (Dkt. 19 at 13.) In *Cothron v. White Castle System, Inc.*, the Supreme Court of Illinois again supplied the rule of decision and held that a separate "claim accrues under [BIPA] with every scan or transmission of biometric identifiers or biometric information without prior informed consent." 2023 WL 4567389, at *7–*8 (Ill. Feb. 17, 2023) ("[W]e reject White Castle's argument that we should limit a claim under section 15 to the first time that a private entity scans or transmits a party's biometric identifier or biometric information."). Accordingly, the Court must reject Defendant's accrual argument.

Plaintiff's BIPA claims, as alleged, are timely. Plaintiff filed his complaint on June 18, 2018. (Dkt. 1-4 at 2.) A five-year statute of limitations applies to all BIPA

claims. *Tims*, 2023 WL 1458046, at *1, *3. Plaintiff's BIPA claims that accrued on or after June 18, 2013 are thus timely. A new BIPA claim accrues every time the plaintiff scans or transmits his biometric information without prior informed consent. *Cothron*, 2023 WL 4567389, at *7–*8. Plaintiff alleges that he was required to scan, without prior informed consent, his "fingerprints multiple times each day to 'punch' in and out of work." (Dkt. 1-1 ¶¶ 31–32.) Plaintiff was employed by Defendant from November 2012 until November 2017. (*Id.* ¶ 40.) A separate, timely BIPA claim thus accrued each time Plaintiff scanned his fingerprints from June 18, 2013 until his employment ended in November 2017. Accordingly, Defendant's motion to dismiss Plaintiff's BIPA claims as untimely must be denied.

### C. Preemption

An employee who suffers a compensable, work-related injury will find his or her remedy exclusively under the Illinois Workers' Compensation Act. *See McDonald v. Symphony Bronzeville Park, LLC*, 193 N.E.3d 1253, 1264–65 (Ill. 2022) (citing 820 ILCS §§ 305/5(a) and 305/11). Defendant argues that Plaintiff's recovery is precluded because his "injury" occurred during his employment. (Dkt. 15 at 11.) Plaintiff argues that the Illinois Workers' Compensation Act is inapplicable because BIPA violations are not the type of injury contemplated by the Act. (Dkt. 19 at 18.)

In *McDonald v. Symphony Bronzeville Park, LLC*, the Supreme Court of Illinois unanimously decided that BIPA lawsuits are not preempted by the Worker's Compensation Act. *See* 193 N.E.3d at 1269. Defendant's motion to dismiss based on preemption must therefore be denied.

### D.     Plausibility Standard

Plaintiff's complaint meets the *Twombly-Iqbal* plausibility standard. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. Defendant's motion to dismiss spends one bare-bones paragraph reciting the plausibility standard without ever explaining how Plaintiff's complaint fails to meet that standard. (Dkt. 15 at 3–4.)

Plaintiff's complaint does not merely recite boilerplate language from the statute. (*See* Dkt. 1.) Rule 8 of the Federal Rules of Civil Procedure specifies that the complaint must provide adequate notice and show grounds for plausible relief. Fed. R. Civ. P. 8(a)(2). At this stage of litigation, Plaintiff's claims, taken as true, plausibly allege BIPA violations. Defendant's motion to dismiss for failure to state a claim is therefore denied.

## III.     CONCLUSION

Plaintiff has Article III standing, Plaintiff's claims are timely, his BIPA claims are not preempted by the Illinois Workers' Compensation Act, and his complaint plausibly alleges BIPA violations. Defendant's motion to dismiss (Dkt. 14) is therefore denied.

SO ORDERED in No. 20-cv-04972.

Date: August 22, 2023

_____
JOHN F. KNESS
United States District Judge