# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES NOSAL, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) No. 20-cv-04972 |
| v. | ) ) Judge John F. Kness |
| RICH PRODUCTS CORPORATION, | ) ) |
| Defendant. | ) |

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE, PRELIMINARILY CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVE, APPOINTING CLASS COUNSEL, AND APPROVING NOTICE PLAN

This matter having come before the Court on Plaintiff's Unopposed Motion for and Memorandum in Support of Preliminary Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and considered the Motion, the Class Action Settlement Agreement and Release ("Settlement Agreement") between James Nosal ("Plaintiff") and Defendant Rich Products Corporation ("Defendant") (together, the "Parties"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, good cause being shown, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1. Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

2. Plaintiff has moved the Court for an order preliminarily approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents

incorporated therein, sets forth the terms and conditions for a proposed settlement of the Action. The Court having read and considered the Settlement Agreement, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in this Order, preliminarily certifies the Settlement Class defined below, appoints Class Counsel and the Class Representative, and approves the Notice plan.

**Preliminary Certification of the Settlement Class**

3. For purposes of settlement only, the Court preliminarily certifies the following Settlement Class as defined in the Settlement Agreement:

> **All individuals working or who worked for Rich Products Corporation in the State of Illinois and who had their purported biometric identifier(s) and/or biometric information collected, captured, otherwise obtained, used, received, converted, maintained, stored, shared, disseminated, or disclosed by Rich Products Corporation from June 18, 2013, through April 17, 2024.**

4. Excluded from the Settlement Class are (1) the Court and members of their families; (2) persons who properly execute a timely request for exclusion from the Class; and (3) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released.

5. The Court preliminarily finds, subject to the Final Approval Hearing referred to below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class; Plaintiff's claims are typical of the claims of the members of the Settlement Class; Plaintiff and Class Counsel will fairly and adequately protect the interests of the members

of the Settlement Class; common questions of law and fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

**Preliminary Approval of Settlement**

6. For settlement purposes only, Ryan F. Stephan, James B. Zouras, and Andrew C. Ficzko of Stephan Zouras, LLC, are appointed Class Counsel for the Settlement Class, and James Nosal is named Class Representative of the Settlement Class. The Court finds that these attorneys are competent of exercising the responsibilities of Class Counsel and that Plaintiff James Nosal will adequately protect the interests of the Settlement Class defined above.

7. The Court preliminarily finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2) and is in the best interests of the Settlement Class set forth above. The Court further preliminarily finds that the Settlement Agreement substantially fulfills the purposes and objective of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule Civil Procedure 23, and (d) is not a finding or admission of liability by the Defendant or any other parties.

**Notice and Administration**

8. The Court approves, as to form, content, and distribution, the Notice plan and forms and methods of distribution of Notice to the Settlement Class as set forth in the Settlement

Agreement and Exhibit A thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

9. The Court approves the request for appointment of Simpluris Inc., as the Settlement Administrator under the Settlement Agreement. The Settlement Administrator is vested with authority to carry out the Notice process as set forth in the Settlement Agreement.

10. The distribution of Notice as set forth in the Settlement Agreement shall proceed. The Settlement Administrator shall also maintain the settlement website to provide full information about the Settlement online.

11. The Settlement Administrator is directed to disseminate Notice to the Settlement Class as set forth in the Settlement Agreement.

**Exclusion**

12. Any person within the Settlement Class may request exclusion from the Settlement Class by expressly stating his/her request in a written exclusion request as described in the Notice to the Settlement Class attached to the Settlement Agreement as Exhibit A and on the settlement website. Such exclusion requests must be received by or postmarked for return to the Settlement Administrator no later than the Objection/Exclusion Deadline or forty-five (45) calendar days after

Notice is disseminated.

13. In order to exercise the right to be excluded, a Settlement Class Member must timely send a written request for exclusion to the Settlement Administrator providing the Settlement Class Member's name, address and telephone number; a signature; the name and number of the case; and a statement that he or she wishes to be excluded from the Settlement Class. Any request for exclusion must be personally signed by the Class Member requesting exclusion. No person within the Settlement Class, or any person acting on behalf of, in concert with, or in participation with that person within the Settlement Class, may request exclusion from the Settlement Class of any other person within the Settlement Class.

14. Any person in the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Approval Order; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement. A Settlement Class Member who requests to be excluded from the Settlement Class cannot also object to the Settlement Agreement.

**Objections**

15. Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including the amount of the attorneys' fees, costs, and expenses that Class Counsel intends to seek and the payment of the Incentive Award to the Class Representative, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation set forth below in Paragraph 16 of this Preliminary Approval Order, with the Court, and served upon Class Counsel, Defendant's Counsel, and the Settlement Administrator no later than the Objection/Exclusion Deadline.

16. Any Settlement Class Member who has not requested exclusion and who intends to object to the Settlement must file a timely written statement of objection with the Court and mail a copy of that objection with the requisite postmark to the Settlement Administrator, Class Counsel, and Defendant's Counsel stating all objections and the basis for any such objection(s), and must also state in writing: (a) his/her full name, address, telephone number, and email address; (b) the case name and number of this Action; (c) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (d) the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases; (e) a statement of whether he or she is represented by counsel and, if so, a list of all objections filed by that counsel; (f) a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing with or without counsel; and (g) the objector's signature. If represented by counsel, the objecting Settlement Class Member must also provide the name, address, and telephone number of his/her counsel. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written objection, and must also identify in the written objection any witnesses he/she may seek to call to testify at the Final Approval Hearing and all exhibits he/she intends to seek to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection. Objections not filed and served in accordance with this Preliminary Approval Order shall not be received or considered by the Court. Any Settlement Class Member who fails to timely file and serve a written objection in accordance with this Preliminary Approval Order shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, to the fairness, reasonableness, or adequacy of the Settlement, to the payment of attorneys' fees, costs, and expenses, to the payment of the Incentive Award, and to the Final

Approval Order and the right to appeal same.

17. No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Preliminary Approval Order and in the Settlement Agreement are fully satisfied. Any Settlement Class Member who does not make his or her objection to the Settlement in the manner provided herein, or who does not also timely provide copies to the Settlement Administrator, Class Counsel, and Defendant's Counsel, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

**Final Approval Hearing**

18. All papers in support of the final approval of the proposed Settlement, including papers Class Counsel intends to file in support of their Fee Award and the Class Representative's Incentive Award (collectively, the "Fee Petition"), shall be filed no later than seven (7) calendar days before the Final Approval Hearing.

19. The Final Approval Hearing will be held before this Court on September 5, 2024 at 1:30 p.m., in Room 2125 of the Everett McKinley Dirksen United States Courthouse, to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an Incentive Award to the Class Representative.

20. The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Class. At or following the

Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and a Final Approval Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

21. Settlement Class Members do not need to appear at the Final Approval Hearing.

22. All proceedings in the Action as between Plaintiff and Defendant are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Preliminary Approval Order.

SO ORDERED in No. 20-cv-04972.

Date: April 17, 2024

_____
JOHN F. KNESS
United States District Judge